UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD FREDERICKS,

      Plaintiff,                           CIV. NO. 13-13679

      v.                                HON. TERRENCE G. BERG

EDWARD GLOMB, MARK         HON. DAVID R. GRAND
DEBEAU, LYNDA RACEY and
DETROIT METROPOLITAN
WAYNE COUNTY AIRPORT
AUTHORITY,

      Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DKT. 8)**

Plaintiff Richard Fredericks was fired from his job as a police officer with Defendant, the Detroit Metropolitan Wayne County Airport Authority ("the Airport"), and has brought this lawsuit against the Airport and several of his supervisors under Title 42 of the United States Code, Section 1983, for deprivation of civil rights. Plaintiff alleges that he was not afforded due process when his employment was terminated. Defendants now move to dismiss (Dkt. 8), arguing that: (1) the suit is barred by a three-year statute of limitations; (2) the supervisors, Defendants Glomb[1], Racey and Debeau, are entitled to qualified immunity; and (3) Plaintiff failed to join a necessary party, his union, to this case. For the reasons set forth below, Defendants' motion to dismiss is **DENIED**.

---

[1] Plaintiff's pleadings misspell Mr. Glomb's name as "Glumb." The correct spelling is used in this order.

## FACTUAL BACKGROUND[2]

Plaintiff worked as a police officer at Defendant Detroit Metropolitan Wayne County Airport Authority until May 27, 2010, when his employment was terminated (Compl., Dkt. 1 ¶ 10).[3] Plaintiff filed this Complaint on August 27, 2013 (Dkt. 1) – three years and three months after his termination. In his Complaint, Plaintiff alleges that Defendants "did not conduct a constitutionally defined pre-termination hearing[4] or otherwise afford Plaintiff either notice of the grounds for his termination or a meaningful opportunity to respond." *Id.*¶ 11. On September 2, 2010[5], Plaintiff's union notified him that it would not contest Plaintiff's termination through arbitration. *Id.* ¶ 12. On October 15, 2010, Plaintiff sent Defendants a letter, wherein he demanded a post-termination "*Loudermill*" hearing [6] (Dkt. 1, Ex.

---

[2] The following facts are taken from Plaintiff's Complaint which, for purposes of Defendants' motion to dismiss, are assumed to be true and are viewed in a light most favorable to Plaintiff.

[3] The reasons for Plaintiff's termination are not germane to the adjudication of Defendants' motion to dismiss, as Plaintiff does not allege that his termination itself was unlawful. Rather, Plaintiff alleges that Defendants did not afford him the requisite due process during the termination proceedings. In other words, Plaintiff is not challenging the reasons behind Defendants' decision to terminate him, he is only challenging the process used to do so. Therefore, the reasons – whether justified or not – are not being questioned in this case. In addition to the Airport, Plaintiff is also suing Defendants Glomb, the Airport's Chief of Police, DeBeau, the Airport's Director of Public Safety, and Racey, the Airport's Director of Labor Relations.

[4] Some evidence in the record indicates that, contrary to this allegation, Plaintiff was in fact afforded a pre-termination hearing. Documents attached to Plaintiff's response to Defendants' motion to dismiss suggest that Plaintiff was given notice of the allegations against him, and an opportunity to respond, prior to his termination (Dkt. 14, Ex. 8). However, in evaluating Defendants' motion to dismiss, the Court may only look at the allegations set forth in the Complaint. The merit of this allegation (or lack thereof) is more appropriately addressed at trial or through a summary judgment motion.

[5] The Complaint erroneously states "2013" for this date, but the record makes it clear that the correct date should be 2010.

[6] A "*Loudermill* hearing," is named after the Supreme Court case *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532 (1985). In *Loudermill*, a Cleveland school security guard and a bus mechanic had been terminated and the Supreme Court held that the process due to the terminated

A). Defendants did not respond to this letter. Plaintiff then sent a second letter on November 10, 2010, again requesting a *Loudermill* hearing (Dkt. 1, Ex. A). Defendants responded on November 16, 2010, stating that Plaintiff "was a member of the Police Officers Association of Michigan and any and all employment actions concerning him were handled in accordance with not only due process, but the practice and customs negotiated and agreed upon by his bargaining agent. Therefore, no further response or inquiry is necessary in regard to this matter" (Dkt. 1, Ex. A). Thus, according to the Complaint, Defendants did not provide Plaintiff a post-termination *Loudermill* hearing, despite Plaintiff's request for such a hearing.

## DISCUSSION

### A. Standard for Motion to Dismiss

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A] judge may not grant a Rule 12(b)(6) motion

---

employees was pre-termination opportunity to respond, coupled with post-termination administrative procedures as provided by state law, and because the employees alleged that they had no chance to respond, their complaints against boards of education sufficiently stated a claim.

3

4:13-cv-13679-TGB-DRG   Doc # 16   Filed 06/11/14   Pg 4 of 11   Pg ID 193

based on a disbelief of a complaint's factual allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228–29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Tatum*, 58 F.3d at 1109; *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state [s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the "sheer possibility" of relief but less than a 'probab[le]' entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009*); Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also, Koubriti v. Convertino*, 593

4

F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr*., 508 F.3d at 335–36. If the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335–36).

### ***B. Plaintiff's Complaint is not Barred by the Statute of Limitations***

The parties are in agreement that the relevant limitations period is three years. The statute of limitations for § 1983 actions is the same as the limitations period for personal injury claims under state law. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Under Michigan law, the limitations period is three years. *See* Mich. Comp. Laws § 600.5805(10); *see also, JiQiang Xu v. Michigan State Univ.*, 195 Fed. App'x 452, 455 (6th Cir. 2006). "Federal law is used to determine when the statute of limitations begins to run, that is, when the cause of action accrues." *JiQiang Xu*, 195 Fed. App'x at 455 (internal quotation omitted). The limitation period is triggered "when the plaintiff knows or has reason to know of the injury

5

which is the basis of his action." *Id*. (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

Although not explicitly delineated as separate counts, Plaintiff's Complaint essentially alleges two separate due process violations – (1) Defendants' failure to give Plaintiff a "pre-termination hearing" (Dkt. 1 ¶ 11); and (2) Defendants' failure to give Plaintiff a "post-termination *Loudermill* hearing[7]" (Dkt. 1 ¶¶ 12, 14).

Plaintiff's employment was terminated on May 27, 2010 (Dkt. 1 ¶ 10). Plaintiff did not file his Complaint until August 27, 2013 (Dkt. 1) – three years and three months after his termination. However, Plaintiff is not challenging the propriety of his termination. Rather, Plaintiff's Complaint alleges a due process violation. Turning to Plaintiff's allegation that Defendants failed to give him a "post-termination *Loudermill* hearing," these claims are not time-barred.[8] *See Kelly*

---

[7] The Sixth Circuit, applying *Loudermill*, has held that, prior to termination of a public employee who has a property interest in his employment, the due process clause requires that the employee be given "oral or written notice of the charges against him or her, an explanation of the employer's evidence, and an opportunity to present his or her side of the story to the employer." *Buckner v. City of Highland Park*, 901 F.2d 491, 494 (6th Cir. 1990). "The law is well-established that it is the *opportunity* for a post-deprivation hearing before a neutral decision-maker that is required for due process." *Farhat v. Jopke*, 370 F.3d 580, 596 (6th Cir. 2004) (emphasis in the original). "[T]he opportunity to challenge the termination in a more detailed post-termination proceeding, under [a] collective bargaining agreement, satisfies the employee's constitutional due process rights." *Farhat*, 370 F.3d at 596. "Where the employee refuses to participate or chooses not to participate in the post-termination proceedings, then the employee has waived his procedural due process claim." *Farhat*, 370 F.3d at 596.

[8] Plaintiff's union informed him that it would not challenge Plaintiff's termination through arbitration on September 1, 2010 (Dkt. 1 ¶ 12; Dkt. 14, Ex. 4). Defendants informed Plaintiff that they would not provide Plaintiff any additional hearing – in lieu of union arbitration – on November 16, 2010 (Dkt. 1 ¶ 14; Dkt. 14, Ex. 7). Both of these actions occurred less than three years before Plaintiff filed his Complaint, on August 27, 2013 (Dkt. 1). Further, as noted in footnote 4, above, there are some indications that Plaintiff did in fact receive a pre-termination hearing. Any claim relating to the denial of a pre-termination may potentially be time-barred, since such a claim would have accrued more than three-years prior to Plaintiff filing the Complaint. However, during oral argument, Plaintiff's counsel clarified that any claims relating to the lack of a pre-termination hearing relate to the September 1, 2010 letter to Plaintiff, in which Plaintiff's union informed him

*v. Burks*, 415 F.3d 558, 562 (6th Cir. 2005) (former state employee's § 1983 action alleging that his due process rights were violated when the Kentucky Personnel Board denied him a hearing to clear his name after he was forced to resign accrued, and one-year limitations period began to run, when request for post-termination hearing was denied, not when employee was terminated).

Plaintiff's request for a post-termination *Loudermill* hearing was denied by Defendants on November 16, 2010. Defendants' denial of Plaintiff's request for a *Loudermill* hearing is the event that gave rise to Plaintiff's alleged due process violation. Thus, Plaintiff's Complaint – filed on August 27, 2013 – was filed within three years of Defendants' alleged refusal to provide him with a *Loudermill* hearing. As such, Plaintiff's due process claim is not barred by the statute of limitations. *See, Kelly, supra.*

### C. *Defendants are not Entitled to Qualified Immunity*

Turning to Defendants' qualified immunity argument, the Court concludes that Plaintiff's Complaint survives Defendants' motions to dismiss. A review of the Complaint shows Plaintiff has raised allegations, which if taken as true, give rise to a plausible claim for denial of procedural due process rights. Plaintiff's right to the procedural due process of a pre-termination opportunity to respond and a post-termination hearing was a clearly established right. *See Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532 (1985); *Parrish v. City of Wilmington*, 13-00633, 2014 WL

---

that it would not proceed to arbitration. Specifically, Plaintiff's counsel argued that the September 1, 2010 letter contained *additional* allegations of misconduct against Plaintiff, and that he was never given any "pre-termination" hearing as to these allegations. Thus, Plaintiff's counsel claims, that this pre-termination claim is not time-barred.

7

806342 (S.D. Ohio Feb. 28, 2014). *Loudermill* rights are well known, and this Court concludes that a reasonable official should know that denying Plaintiff a *Loudermill* hearing would be a deprivation of due process guaranteed by the Constitution. *See Bruder v. Smith*, 05-74511, 2008 WL 4427547 (E.D. Mich. Sept. 30, 2008). Thus, Defendants are not entitled to qualified immunity, at least at this stage of the case. Complete consideration of Defendants' qualified immunity argument requires the Court to consider matters outside of the pleadings, therefore this argument may be reconsidered through a summary judgment motion.

### D. Plaintiff's Union is not a Necessary Party

Finally, Defendants argue that Plaintiff's case should be dismissed pursuant to Rule 19 and Rule 12(b)(7), because Plaintiff failed to join his union as a necessary party-defendant in this action. The gravamen of Defendants' argument appears to be that, since Plaintiff's union refused to contest his termination through arbitration, the proper cause of action would have been for Plaintiff to sue his union for breaching its duty of fair representation. Put differently, Defendants contend that the fact that Plaintiff's union elected not to pursue arbitration on his behalf does not amount to any deprivation of his right to due process by any action or inaction of Defendants. There is authority supporting this argument. *See, e.g., Rhoads v. Bd. of Educ. of Mad River Local Sch. Dist.*, 103 Fed. App'x 888, 897 (6th Cir. 2004) (the availability of arbitration provided public employee with an adequate procedural safeguard against bias during informal hearing on grievance and union's electing not to pursue arbitration on employee's behalf did not amount

8

to a deprivation of her right to due process by school district) citing *Armstrong v. Meyers*, 964 F.2d 948, 950-952 (9th Cir. 1992) (holding that grievance-arbitration procedure in CBA provided a public employee with due process, even though CBA granted union the exclusive right to take grievance to arbitration and union refused to do so); *Dykes v. Se. Pennsylvania Transp. Auth.*, 68 F.3d 1564, 1571 (3rd Cir. 1995); *White v. Cleveland Bd. of Educ.*, 861 F.2d 722 (6th Cir. 1988) (holding that terminated public employee was afforded adequate post-deprivation due process where CBA provided for post-termination grievance-arbitration procedure and employee pursued procedure up until point at which union had discretion to pursue arbitration and the union decided not to do so); *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1256 (10th Cir. 1998) (finding no violation of due process by public employer where union declined to pursue his grievance at arbitration under a CBA); *cf. Thomsen v. Romeis*, 198 F.3d 1022, 1029 (7th Cir. 2000) (holding that employee who chose to have his union pursue his grievance against his employer—rather than to pursue it himself, as permitted under the CBA—could not argue that he was denied due process when union elected not to seek arbitration).[9]

Plaintiff responds that, under the terms of the collective bargaining agreement (CBA), his union did not have the sole right to decide which grievances should be submitted to arbitration. Rather, Plaintiff contends that, after a grievance has been adjudicated through step three, the CBA *mandates* that the matter be referred to an arbitrator and the union has no discretion at that point to

---

[9] Most of these decisions came in the context of a summary judgment motion, not a motion to dismiss.

prevent a member from proceeding to arbitration (Dkt. 14 at 16). In other words, once the union files a step three grievance, the union cannot then prevent the matter from being referred to an arbitrator and, most saliently to this case, cannot prohibit a union member from presenting his or her case directly to the arbitrator, without the union's involvement. Ruling on this issue would require the Court to interpret the terms of the CBA. The CBA was not attached to, nor referenced in, the Complaint (Dkt. 1). As such, it would be improper for the Court to rule on these issues through a motion to dismiss.

During oral argument on Defendants' motion to dismiss, the Court asked Defendants' counsel if Defendants' preferred to convert the motion into a summary judgment motion, and permit the parties to submit additional briefing. Defendants' counsel responded "that's not our intention and we do not request that." Since this argument turns on reviewing matters outside the pleadings, the Court cannot, at this point, rule on this issue. Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). These arguments can be reconsidered at the summary judgment stage.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. 8) is **DENIED**.

                                         s/Terrence G. Berg
                                         TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE

Dated: June 11, 2014

Certificate of Service

    I hereby certify that this Order was electronically submitted on June 11, 2014, using the CM/ECF system, which will send notification to each party.

                                        s/A. Chubb
                                        Case Manager